In re the Petition for **DISCIPLINARY ACTION AGAINST William B. SIMONET, Jr., an Attorney at Law of the State of Minnesota.**

No. C7–88–2295.

Supreme Court of Minnesota.

June 25, 1990.

## ORDER

The Director of the Lawyers Professional Responsibility Board commenced this action by filing a petition with this Court on August 24, 1989, alleging that the respondent William B. Simonet, Jr., had committed professional misconduct warranting public discipline. On March 2, 1990, the Director filed a supplementary petition for disciplinary action and, on May 3, 1990, the Director filed a second supplementary petition for disciplinary action.

In the petitions, the Director alleges that respondent committed numerous acts of misconduct, each of which violates one or more rules of professional conduct. The allegations in the petition include, but are not limited to, the following: that respondent engaged in the practice of law after respondent was suspended by this Court on January 30, 1989; that respondent failed to notify opposing counsel and numerous clients of his suspension; that respondent continued to hold himself out as a lawyer after his suspension by having his telephone answered "law offices" and by using misleading letterhead; that respondent misrepresented in an affidavit to the Director's office that he was not practicing law while under suspension; that respondent forged the name of another attorney on a marital termination agreement; that respondent forged the signature of a notary public on a warranty deed; that respondent directed his secretary to send a memorandum to opposing counsel in which the secretary misrepresented herself as a legal assistant to an attorney with whom respondent had never associated, in order to make opposing counsel think that respondent's client was being represented by a licensed,

practicing attorney; that respondent attempted to bill clients for services which respondent had never rendered or performed; that respondent failed to disclose to the William Mitchell Placement Office, and the applicants for the job that he advertised through the placement office, that he was suspended from the practice of law and that no other licensed attorney was associated with, or employed by, respondent's law firm; that respondent made a false statement to a bank in order to obtain a letter of credit so he could proceed with the development of some real estate he owned; and that, in connection with this same real estate, respondent forged loan and real estate documents and made false statements to the closer.

On May 9, 1990, a hearing was held on all three petitions before a referee appointed by this court. At the hearing before the referee, respondent entered into a stipulation for discipline with the Director. In the stipulation, the parties adopted the referee's findings of fact and conclusions of law. Respondent joined with the Director and the referee in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is continued suspension for a minimum of 5 years. Respondent further agreed to the imposition and payment of $1,797.72 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

As mitigation, the referee states in his findings of fact that respondent's psychologist testified at the hearing before the referee that respondent suffers from a severe psychological problem and that this psychological problem has caused respondent's misconduct. Respondent apparently has been receiving treatment for his problem since February, 1990. Respondent's psychologist further testified that it is too early to determine whether respondent has made progress toward recovery from his problem, that it is not possible to determine whether respondent's conduct has been arrested or whether respondent's conduct will recur, and that the estimated length of respondent's rehabilitation process, assuming continued therapy, is 4 or 5 years.

The Court, having considered all of the facts and circumstances surrounding this matter, the petitions of the Director, the findings of fact and conclusions of law of the referee, and the stipulation of the parties as is reflected in the record of the hearing before the referee, NOW ORDERS:

1. That the respondent, William B. Simonet, Jr., shall remain indefinitely suspended from the practice of law for a minimum additional period of 5 years from the date of this order, pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility. In no event shall respondent be permitted to petition for reinstatement to the practice of law prior to the expiration of this 5 year period.

2. That the respondent shall have 2 years in which to file a petition for reinstatement after the expiration of the 5 year minimum suspension period. If respondent fails to file a petition for reinstatement within this 2 year period, he shall be disbarred upon motion by the Director without further hearing.

3. That the respondent shall continue psychological treatment with Dr. Kollmorgan or another qualified professional acceptable to the Director during the 5 year suspension period. Respondent shall execute such authorizations as the Director may require to monitor respondent's psychological treatment.

4. That the respondent shall refrain from all activities which would constitute the unauthorized practice of law, including those activities identified as being improper for a suspended lawyer by this court in *In Re Jorissen*, 391 N.W.2d 822 (Minn.1986), while respondent is suspended.

5. That the respondent shall pay to the Director the sum of $1,797.72 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.